IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:15-CV-28-BO

| | |
|---|---|
| PETRE EARL FRANKS,<br>    Plaintiff,<br>v.<br><br>N.C. CRIMINAL JUSTICE EDUCATION<br>& TRAINING STANDARDS COMMISSION,<br>and JUDGE MILTON F. FITCH, JR.,<br>    Defendants. | **O R D E R** |

This matter is before the Court on defendants' motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. [DE 6]. Plaintiff has responded [DE 10], and the matter is ripe for ruling. For the following reasons, defendant's motion is granted.

BACKGROUND

This action arises out of the denial of plaintiff's law enforcement certification by the North Carolina Criminal Justice Education and Training Standards Commission (the Commission) and the subsequent affirmation of that decision by Judge Milton F. Fitch. On January 27, 2010, the Williamston Police Department submitted plaintiff's application for certification to the Commission. On May 27, 2010, the Commission's Probable Cause Committee found probable cause existed to deny plaintiff's application because plaintiff made material misrepresentations to the Commission and plaintiff committed felony offenses. Plaintiff submitted a timely request for an administrative hearing, which was held in Greenville, North Carolina on February 15, 2011 before an Administrative Law Judge (ALJ). The ALJ filed a proposed decision on March 3, 2011, authorizing defendant to deny plaintiff's certification for not less than five year, but recommending that the period of denial be suspended and granted probationary certification. Defendant filed exceptions to the proposal for decision, resulting in a

final agency decision before the Commission on November 18, 2011, at which the Commission ordered that defendant permanently deny plaintiff's certification for commission of a felony and plaintiff's certification for not less than five years for material misrepresentations. \

Plaintiff timely filed a petition for judicial review with the North Carolina Superior Court in Beaufort County. Judge Fitch heard argument on September 24, 2012, and on December 20, 2012, issued an order finding that the Commission's final agency decision was supported by substantial evidence, not made upon unlawful procedures, and was not arbitrary, capricious, or an abuse of discretion. Judge Fitch also found that a preponderance of the evidence supported the finding that plaintiff committed felony breaking and entering on May 20, 1998, and that he committed material misrepresentations on the forms submitted to the Commission for certification.

Plaintiff did not appeal the matter further until he filed the instant action on February 19, 2015, in which he asks this Court to rule that the denial of plaintiff's law enforcement certification by the Commission was arbitrary and capricious. Defendants moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject matter jurisdiction is raised, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). The facts alleged by the plaintiff in the

complaint are then taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A federal district court may exercise subject matter jurisdiction either upon the existence of a federal question or where there is complete diversity of parties. 18 U.S.C. §§ 1331, 1332. Plaintiff does not assert diversity of citizenship, nor does his complaint reference a federal law or provision of the United States Constitution. He states that the suit involves a federal question because the "lower courts of the State of North Carolina denied [him] of an opportunity to a law enforcement certification there by also denying the opportunity to seek employment as a police officer." [DE 1]. Plaintiff does not allege that he was discriminated against, but merely states that he did not actually commit the crime of breaking and entering which served as part of the basis for the Commission's denial of his certification and asks this Court to overturn the Commission and Judge Fitch's respective decisions. The Court lacks jurisdiction to do so.

The North Carolina Courts and United States Supreme Court are the only courts that have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Lance v. Dennis*, 546 U.S. 459, 463 (2006). A federal court may not exercise jurisdiction over an action styled as a direct appeal or the de facto equivalent of such an appeal. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine prohibits a "party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal right." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994); *Washington v. Wilmore*, 407 F.3d 274, 479 (4th Cir. 2005). It "reinforces

3

the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000) (quotation omitted). The doctrine is narrow and applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005); *see Skinner v. Switzer*, 562 U.S. 521, 532 (2011). Where a plaintiff challenges "a statute or rule governing [an adverse lower court decision]," rather than the merits of the state court decision itself, the suit is appropriately filed in federal court. *Id.*

Here, plaintiff does not challenge the procedures used by either the Commission or Judge Fitch, but instead asks this Court to review the merits of and ultimately overturn their decisions. The Court lacks jurisdiction to do this based on the *Rooker-Feldman* doctrine. As there is neither complete diversity of citizenship nor a federal question in plaintiff's complaint, the complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 6] is GRANTED. The Clerk is DIRECTED to close the case.

SO ORDERED, this __7__ day of July, 2015.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 4:15-cv-00028-BO   Document 12   Filed 07/07/15   Page 4 of 4